UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)

| | |
|---|---|
| RUTH PULLA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>D & A SERVICES, LLC; AND JH PORTFOLIO DEBT EQUITIES, LLC<br><br>Defendants. | Case No. 1:18-cv-05143-ARR-RLM |

**D & A SERVICES, LLC'S**
**ANSWER & AFFIRMATIVE TO PLAINTIFF'S COMPLAINT**

Defendant, D & A Services, LLC ("D&A"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this answer and affirmative defenses to the complaint filed by the plaintiff, Ruth Pulla, and states:

**INTRODUCTION**

1. D&A admits only that plaintiff purports to bring this case under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.,* but denies any and all violations, wrongdoing, and/or liability to the extent alleged in ¶ 1, and further denies plaintiff is entitled to any relief. Except as specifically admitted, D&A denies the allegations in ¶ 1.

**JURISDICTION AND VENUE**

2. D&A denies the allegations in ¶ 2 as calling for a legal conclusion.

3. D&A denies the allegations in ¶ 3 as calling for a legal conclusion.

1

4. D&A denies the allegations in ¶ 4 as calling for a legal conclusion.

## PARTIES

5. D&A denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. D&A denies the allegations in ¶ 6 as calling for legal conclusion.

7. D&A admits only that it is an Illinois limited liability company. Except as specifically admitted, D&A denies the allegations in ¶ 7.

8. D&A denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. D&A denies the allegations in ¶ 9 as written.

10. D&A denies the allegations in ¶ 10 as written and as calling for a legal conclusion.

## ALLEGATIONS

11. D&A admits only that plaintiff owes the subject account or obligation, but otherwise denies the allegations in ¶ 11 as written. Except as specifically admitted, D&A denies the allegations in ¶ 11.

12. D&A denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

13. D&A admits the allegations in ¶ 13 upon information and belief.

14. D&A admits only that plaintiff's account or obligation was placed with it for collection but otherwise denies the allegations in ¶ 14. Except as specifically admitted, D&A denies the allegations in ¶ 14.

15. D&A denies the allegations in ¶ 15 as written.

16. D&A denies the allegations in ¶ 16 as written.

17. D&A denies the allegations in ¶ 17 as written and as calling for a legal conclusion.

18. D&A denies the allegations in ¶ 18.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

19. D&A reasserts the foregoing as if fully incorporated herein.

20. The subject letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

21. D&A denies the allegations in ¶ 21.

22. D&A denies the allegations in ¶ 22.

23. D&A denies the allegations in ¶ 23.

24. D&A denies the allegations in ¶ 24.

25. 15 U.S.C. § 1692e(2)(A) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

26. 15 U.S.C. § 1692e(10) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

27. D&A denies the allegations in ¶ 27.

28. D&A denies the allegations in ¶ 28.

29. D&A denies the allegations in ¶ 29.

30. D&A denies the allegations in ¶ 30.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

31. D&A reasserts the foregoing as if fully stated herein.

32. D&A admits only that plaintiff's subject obligation relates to a Citibank, N.A. credit card account. Except as specifically admitted, D&A denies the allegations in ¶ 32.

33. The subject letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

34. D&A denies the allegations in ¶ 34.

35. D&A denies the allegations in ¶ 35.

36. D&A denies the allegations in ¶ 36.

37. D&A denies the allegations in ¶ 37.

38. D&A denies the allegations in ¶ 38.

39. D&A denies the allegations in ¶ 39.

40. D&A denies the allegations in ¶ 40.

41. D&A denies the allegations in ¶ 41.

42. D&A denies the allegations in ¶ 42.

43. D&A denies the allegations in ¶ 43.

44. D&A denies the allegations in ¶ 44.

45. D&A denies the allegations in ¶ 45.

46. D&A denies the allegations in ¶ 46.

47. D&A denies the allegations in ¶ 47.

48. D&A denies the allegations in ¶ 48.

49. D&A denies the allegations in ¶ 49.

50. D&A denies the allegations in ¶ 50.

51. DD&A denies the allegations in ¶ 51.

52. D&A denies the allegations in ¶ 52.

53. D&A denies the allegations in ¶ 53 as written.

54. D&A denies the allegations in ¶ 54.

55. D&A denies the allegations in ¶ 55.

56. D&A denies the allegations in ¶ 56.

57. D&A denies the allegations in ¶ 57.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g

58. D&A reasserts the foregoing as if fully stated herein.

59. 15 U.S.C. § 1692g speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

60. 15 U.S.C. § 1692g(a)(1) speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

61. D&A denies the allegations in ¶ 61 as calling for a legal conclusion.

62. D&A denies the allegations in ¶ 62 as calling for a legal conclusion.

63. D&A denies the allegations in ¶ 63 as calling for a legal conclusion.

64. D&A denies the allegations in ¶ 64.

65. D&A denies the allegations in ¶ 65.

66. D&A denies the allegations in ¶ 66.

67. D&A denies the allegations in ¶ 67.

68. D&A denies the allegations in ¶ 68.

69. D&A denies the allegations in ¶ 69.

70. D&A denies the allegations in ¶ 70.

71. D&A denies the allegations in ¶ 71.

72. D&A denies the allegations in ¶ 72.

73. D&A denies the allegations in ¶ 73.

74. D&A denies the allegations in ¶ 74.

75. D&A denies the allegations in ¶ 75.

76. D&A denies the allegations in ¶ 76.

77. D&A denies the allegations in ¶ 77.

78. D&A denies the allegations in ¶ 78.

79. D&A denies the allegations in ¶ 79.

80. D&A denies the allegations in ¶ 80.

81. D&A denies the allegations in ¶ 81.

82. D&A denies the allegations in ¶ 82.

83. D&A denies the allegations in ¶ 83.

84. D&A denies the allegations in ¶ 84.

85. D&A denies the allegations in ¶ 85.

86. D&A denies the allegations in ¶ 86.

87. D&A denies the allegations in ¶ 87.

88. D&A denies the allegations in ¶ 88.

89. D&A denies the allegations in ¶ 89.

90. D&A denies the allegations in ¶ 90.

91. D&A denies the allegations in ¶ 91.

92. D&A denies the allegations in ¶ 92.

93. D&A denies the allegations in ¶ 93.

94. D&A denies the allegations in ¶ 94.

95. D&A denies the allegations in ¶ 95.

96. D&A denies the allegations in ¶ 96.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**

97. D&A reasserts the foregoing as if fully incorporated herein.

98. D&A denies the allegations in ¶ 98 as written.

99. D&A denies the allegations in ¶ 99.

100. D&A denies the allegations in ¶ 100.

101. D&A denies the allegations in ¶ 101.

102. D&A denies the allegations in ¶ 102.

103. D&A denies the allegations in ¶ 103.

104. D&A denies the allegations in ¶ 104.

105. D&A denies the allegations in ¶ 105.

106. D&A denies the allegations in ¶ 106.

107. D&A denies the allegations in ¶ 107.

108. D&A denies the allegations in ¶ 108.

109. D&A denies the allegations in ¶ 109.

110. D&A denies the allegations in ¶ 110.

111. D&A denies the allegations in ¶ 111.

112. D&A denies the allegations in ¶ 112.

113. D&A denies the allegations in ¶ 113.

114. D&A denies the allegations in ¶ 114.

## **CLASS ALLEGATOINS**

115. D&A admits only that plaintiff purports to bring this action on behalf of a putative class defined in ¶ 115 but denies the allegations and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

116. D&A admit only that plaintiff purports to bring this action under the FDCPA but denies any and all violations, wrongdoing, and/or liability to the extent alleged in ¶ 116, and further denies plaintiff is entitled to any relief. Except as specifically admitted, D&A denies the allegations in ¶ 116.

117. D&A denies the allegations in ¶ 117 and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

118. D&A denies the allegations in ¶ 118 and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

119. D&A denies the allegations in ¶ 119 and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

120. D&A denies the allegations in ¶ 120 and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

121. D&A denies the allegations in ¶ 121 and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

## JURY DEMAND

122. D&A denies that plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

D&A denies that plaintiff is entitled to any relief, including any of the relief sought in the complaint.

## AFFIRMATIVE DEFENSES

D&A hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against D&A upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent D&A is found to be a debt collector, which is expressly denied, and to the extent plaintiff can establish any violation, which is further expressly denied, any such violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming plaintiff has suffered any harm, which is expressly denied, any such harm suffered by plaintiff was legally and proximately caused by persons, individuals,

corporations, or entities beyond the control or supervision of D&A, or for whom D&A is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming plaintiff has suffered any damages, which is expressly denied, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a binding arbitration agreement and class action bar.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or should be judicially estopped from pursuing the complaint and claims because she failed to sufficiently schedule and disclose her claims, which are assets of his bankruptcy estate, in her pending Chapter 7 bankruptcy proceeding; further, for the same reason, plaintiff is not an adequate class representative. *See, e.g., Romeo v. FMA Alliance*, 2016 WL 3647868 (E.D. N.Y. June 30, 2018) (Spatt,

J.); *Heisler v. Convergent Healthcare Recoveries, Inc., et al.*, 2018 WL 4635674 (E.D. Wisc. Sept. 27, 2018).

## NINTH AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

WHEREFORE, defendant, D & A Services, LLC, respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Dated: November 14, 2018        Respectfully submitted,

        */s/ Kirsten H. Smith*
        Kirsten H. Smith (ks4074)
        SESSIONS, FISHMAN, NATHAN & ISRAEL
        3850 N. Causeway Blvd., Suite 200
        Metairie, Louisiana 70002
        Telephone: (504) 846-7943
        Facsimile: (504) 828-3737
        Email: ksmith@sessions.legal
        *Counsel for Defendant,*
        *D & A Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing.

        */s/ Kirsten H. Smith*
        Kirsten H. Smith